959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelvin LYON, Plaintiff-Appellant,
v.
Pete VIDOR; Matthew Cook; Thomas Root; James Meinke;
Glen Pung; Jerald Ritz, Defendants-Appellees.
 No. 91-2285.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Kelvin Lyon, pro se, appeals the district court's judgment granting the defendants' motion for summary judgment in this civil rights action filed under 42 U.S.C. § 1983. The defendants include the deputy warden and several other correctional officers employed at the Ionia Maximum Correctional Facility (IMAX) at the time of the alleged incident. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Lyon alleged that he was deprived of his Eighth Amendment right to be free of cruel and unusual punishment because of the defendants' act of "assaulting and battering or otherwise brutalizing" the plaintiff and that the defendants forcefully placed him in hard metal restraints and left him in these restraints for over 24 hours, in his cell. He further alleged that the defendants used "martial arts" and "strangulation" holds and "grasps" to apply these restraints, causing "numerous contusions and abrasions to his face, head, neck, back of both arms and shoulders...." Lyon claimed that these actions were done in a "wicked, willful, wanton, reckless and malicious manner ..." and requested declaratory and injunctive relief and damages.
 
 
 3
 The defendants filed a motion for dismissal under Rule 12(b) or alternatively, for summary judgment. After considering the affidavits submitted by the parties, as well as a videotape of the incident, the district court determined that the evidence could not support a claim of cruel and unusual punishment or a claim of violation of due process, under the Eighth and Fourteenth Amendments. Thereafter, the court granted the defendants' motion for summary judgment and dismissed the case by judgment entered October 1, 1991. On appeal, Lyon argues that the district court erred by finding no genuine issue of material fact and requests the appointment of counsel.
 
 
 4
 Upon review, this court concludes that the district court properly granted the defendants' motion for summary judgment and dismissed this complaint. This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 A party moving for summary judgment must meet an initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. This burden may be met by showing that, having had the sufficient opportunity for discovery, the non-moving party has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). One of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 6
 As the Supreme Court stated in Whitley v. Albers, 475 U.S. 312, 320-21 (1986), it is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Where a prison security measure is undertaken to resolve a disturbance that indisputably poses significant risks to the safety of inmates and prison staff, the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain and restore discipline or was inflicted maliciously and sadistically for the very purpose of causing harm. Whitley, 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). The Supreme Court recently reaffirmed this standard of review for such conduct by prison officials in Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991), wherein the court stated that where officials act in response to a prison disturbance, those actions are necessarily taken "in haste" and should be balanced against competing institutional concerns of prison safety. The evidence shows that the conduct by the officers in this case fell within the wide-ranging deference that must be accorded to prison personnel in the adoption and execution of practices needed "to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 7
 In determining whether a prisoner's claim rises to an Eighth Amendment violation, the court should consider the motivation for the conduct, the type and excessiveness of the force used and the extent of the injury. Parrish v. Johnson, 800 F.2d 600, 604-06 (6th Cir.1986). In this case, the defendants were clearly justified in entering Lyon's cell and restraining him after he was directly ordered, on several occasions, to refrain from kicking his cell door and after Lyon destroyed the fire sprinkler system within his cell. The evidence shows that the defendants did not apply force maliciously or unnecessarily, outside of the force required to comply with defendant Vidor's order to place Lyon in full restraints for prison safety and security, and to prevent further disturbance.
 
 
 8
 Accordingly, the appellant's request for appointment of counsel is hereby denied, and the district court's order granting the defendants' motion for summary judgment and dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.